Margaret E. Williams *v*. Administrator, Unemployment Compensation Act, et al.

Superior Court Fairfield County File No. 146899
     At Bridgeport

Memorandum filed November 17, 1972

*Margaret E. Williams*, pro se, the plaintiff.

*Robert K. Killian*, attorney general, and *Donald E. Wasik*, assistant attorney general, for the defendant administrator.

No appearance for the defendant Bridgeport Board of Education.

FitzGerald, J. The facts in this case are not in dispute. The plaintiff-employee terminated her employment with the Bridgeport board of education on June 26, 1971. Boards of education became

covered under the Unemployment Compensation
Act on July 1, 1971, pursuant to Public Acts 1971,
No. 835. General Statutes § 31-222. After first
awarding benefits to the plaintiff, the administrator
later notified her that she was ineligible for such
benefits and might have to repay the amounts paid
to her. The plaintiff appealed this decision of the
administrator to the commissioner, who upheld the
administrator's decision to the effect that the plain-
tiff was not eligible for benefits. The commissioner,
however, also ruled that § 31-243 of the General
Statutes was applicable to this situation and that
the plaintiff did not have to repay the benefits al-
ready received because she was not at fault. The
administrator has appealed only that part of the
commissioner's decision which holds that the plain-
tiff need not repay the benefits.

In *Cicala* v. *Administrator*, 161 Conn. 362, 368,
the court said: "Sections 31-243 and 31-273 (b) [of
the General Statutes[1]] are not in conflict. Section
31-243 is concerned with a modification of the ad-
ministrator's original decision on the ground of a
change in conditions occurring within six months
after that decision was made and specifically pro-

---

[1] "Sec. 31-243. CONTINUOUS JURISDICTION. Jurisdiction over
benefits shall be continuous but the initiating of a valid appeal
under section 31-242 or the pendency of valid appellate proceedings
under section 31-249 shall, if the appellate tribunal has taken
jurisdiction, stay any proceeding hereunder, but only in respect to
the same period and the same parties, but shall not cause the
cessation of payment of benefits as provided by section 31-242. Upon
his own initiative, or upon application of any party in interest, on
the ground of a change in conditions, the administrator, or the
examiner designated by him, may, at any time within six months
after the date of the original decision, or within such other time
limits as may be applicable under section 31-273, review an award
of benefits or the denial of a claim therefor, in accordance with the
procedure prescribed in respect to claims, and may issue a new
decision, which may award, terminate, continue, increase or decrease
such benefits. Such new decision shall be appealable under the
provisions of section 31-242 within the time prescribed in section
31-241, and where the claimant has been free from fault, a redeter-

hibits any retroactive effect as to benefits previously paid. Section 31-273 (b) empowers the administrator to act to preserve and secure the financial stability of the unemployment compensation fund by setting aside a payment of benefits to a person found disqualified *or otherwise not entitled* to such benefits and ordering a reimbursement of the fund as he did in this case." (Emphasis added.)

Although § 31-243 was amended subsequent to the *Cicala* decision, supra, the amendments have in no way eroded the efficacy of that decision to this situation. See Public Acts 1971, No. 835 § 24. The commissioner refers to the "free from fault" language added by the amendment and, in effect, has concluded that such language liberalizes this statute. Actually, the amendment does just the opposite. Before this change, the statute, where applicable, would protect a claimant from having to repay any benefits even if he were at fault in any way. This is because there was no restrictive language whatsoever in the statute. By the amendment to the statute, a claimant can no longer keep such payments if he is at fault in any way. By amending § 31-243 in this way, therefore, the legislature intended to

---

mination or new decision shall not . . . [affect] benefits paid under a prior order." (As amended by Public Acts 1971, No. 835 § 24.)

"Sec. 31-273 (b). REPAYMENT OF BENEFITS RECEIVED ILLEGALLY OR THROUGH MISTAKE. . . . Any person who, through error, has received any sum as benefits . . . while he was disqualified from receiving benefits . . . shall be liable to repay to the administrator for the unemployment compensation fund a sum equal to the amount so received by him . . . , provided such error has been discovered and brought to his attention within one year of the date of receipt of such benefits. If such person does not repay the sum at that time, such sum may be offset by the administrator against any future claim for benefits which such person may have. The determination by the administrator that any person is liable to repay as herein provided shall be final unless the claimant . . . files an appeal from such decision to a commissioner and applies for a hearing. . . . The administrator is authorized, six years after the payment of any benefits described in this subsection, to cancel any claim for such repayment which in his opinion is uncollectible."

restrict the application of those provisions of § 31-243 pertaining to the retention of benefits to only those claimants who are free from fault. Further, by amending § 31-243 to include a specific reference to § 31-273, the legislature intended to continue the applicability of § 31-273 (b) to cases such as this.

The fact that benefits were mistakenly awarded the plaintiff cannot give her vested rights in something to which she was never entitled. An honest mistake by a government employee cannot restrain the administrator from doing his statutory duty. The provisions of § 31-273 (b), as already pointed out, were enacted to cover, inter alia, just this situation. The commissioner was obviously motivated by well-earned sympathy in this case, but sympathy cannot be the foundation of a judicial decision.

For the foregoing reasons, that part of the commissioner's decision concerning repayment of benefits is reversed because it is illegal. The administrator's appeal is sustained.